

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MELVIN GATSON (D.O.C. #104837) | DOCKET NO. 09-CV-1251; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| COLE GRALAPP | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Melvin Gatson filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on July 24, 2009. Plaintiff's motion for leave to proceed *in forma pauperis* was granted on July 31, 2009. [Doc. #3] Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). At the time of filing suit, he was incarcerated at Catahoula Correctional Center; he is currently incarcerated at the Jackson Parish Correctional Center in Jonesboro, Louisiana. Plaintiff seeks an adjustment of his release date.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Factual Background

Plaintiff complains that he is wrongfully being imprisoned because the defendant probation officer lied about Plaintiff violating the terms of his probation. Plaintiff alleges that he is "in prison for nothing."

## Law and Analysis

Plaintiff seeks a speedier release from custody. **Such relief is not available by way of a civil rights action.** See Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997). A civil rights action such as this one is appropriate for recovering damages resulting from mistreatment or illegal administrative procedures; **a habeas action is the appropriate federal remedy for a state prisoner challenging the fact or duration of his confinement.** See Cook v. Texas Dept. of Criminal Justice Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994). Plaintiff is challenging the fact and duration of his confinement and seeks an speedier release from custody. Thus, his claim lacks an arguable basis in law or fact.

Before filing a federal habeas corpus action, a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to habeas corpus relief. See Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987), cert. denied, 484 U.S. 956 (1987); Rose v. Lundy, 455 U.S. 509 (1982).[1] Plaintiff admits in his complaint that he has not filed

---

[1] Generally, the habeas exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir.1988). That is, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. Picard v. Connor, 404 U.S. 270, 275 (1971). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. Thomas v. Collins, 919 F.2d 333, 334 (5th Cir.1990). Specifically, the proper procedure in Louisiana for challenging the computation of a sentence is as follows:
    (1) The challenge to the computation of a sentence must first be brought through the Department's administrative grievance process. La. R.S. 15:1176.
    (2) Then, if the administrative remedies procedure is unsuccessful, the inmate can seek judicial review in the 19th Judicial District Court, East Baton Rouge Parish. See La. R.S. 15:1177 and R.S. 15:571.15.

2

any administrative procedures regarding the facts of his complaint "because Cole Gralapp probation officer didn't like me." Plaintiff must exhaust proper procedures before he can be successful in a habeas case.

## Conclusion

Because Plaintiff challenges the fact and duration of his confinement and seeks a speedier release from custody, **IT IS RECOMMENDED THAT** Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B). Plaintiff may file a petition for habeas corpus after exhausting the proper remedies.

**Under the provisions of 28 U.S.C. Section 636(b)(1)(c) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this**

---

(3) If unsuccessful at the district court level, the inmate can appeal the decision of the 19th JDC to the "appropriate court of appeal," which would be the Louisiana First Circuit Court of Appeal. See La. R.S. 15:1177A(10) and R.S.13:312(1).
(4) Should Petitioner's appeal be unsuccessful, Louisiana law allows him to seek supervisory review in the Louisiana Supreme Court. La.Code Civ. P. art. 2201; La.Code Crim. P. art. 922.

Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 21st day of December, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE